## No. 10602

### HUNT v. GUERIN ET AL.

(106 S. E. 767)

1. APPEAL AND ERROR—PREPONDERANCE OF EVIDENCE NECESSARY ON COMPLAINT AS TO FINDINGS OF FACT BY COURT ORDERING SALE OF LAND FOR MINOR.—On appeal from an order of the Circuit Court, approving a proposed sale of land held under a will for an infant, a finding of fact by the Court that the sum offered was a fair price for the property will not be disturbed unless complaining party satisfies the Court by a preponderance of the evidence that the finding is erroneous.

2. GUARDIAN AND WARD—COURT COULD ORDER SALE OF LAND HELD FOR INFANT UNDER WILL.—The Court did not err in ordering sale of property held for infant under will by guardian with directions not to deliver the same to the infant until she reached the age of 30 years pending an appeal from a decision of Judge of Probate as to the validity of the will, the proceeds of the property not to be delivered to the ward until all rights of the respective parties under the will were finally adjusted.

1—s. c. 116

Before Rice, J., Bamberg, March, 1920.    Affirmed.

Action by Rheta Baring Hunt as administratrix D. B. N. of the estate of N. A. Hunt, deceased, against Florence Goodrich Hunt, J. A. Guerin and John F. Folk. From judgment the defendant, J. A. Guerin, appeals.

*Mr. Francis F. Carroll,* for appellant, cites: *Private sale of land under an obligation to perfect title by legal formality is contrary to public policy and renders such sale open to review at the option of parties at interest*: 96 S. E. 710 (Ga.) *Rights of appellant as executor and testamentary guardian are superior to those of guardian appointed by Probate Court*: 72 S. C. 16. *Provision of will directing that property bequeathed to daughter must not be delivered to her until she reaches thirty years of age is not such a limitation as will operate to prevent Court from ordering sale when the necessities require it.* 102 S. E. 780 (N. C.)

*Mr. E. H. Henderson,* for John F. Folk, respondent, cites: *Testimony of Guerin was simply an opinion and not an offer to purchase*: 75 S. C. 369; 87 S. C. 382. *Appellant has not shown that weight of evidence is in his favor though the burden of doing so is on him*: 83 S. C. 190; 112 S. C. 519; 113 S. C. 190. *Sale was for change of investment which a Court of Equity has full power to order*: 22 Cyc. 567; 3 DeS. Eq. (3 S. C. Eq.) 18.

*Messrs. Miller, Huger, Wilbur & Miller,* for plaintiff, respondent, cite: *Findings of lower Court must prevail unless overcome by the preponderance of the evidence*: 83 S. C. 190; 112 S. C. 519; 113 S. C. 190.

April 11, 1921.

The opinion of the Court was delivered by Mr. Chief Justice Gary.

The record contains this statement of the facts: N. A. Hunt, late of Summerville, S. C., died intestate on the——

day of January, 1918, seized and possessed among other property of real estate in the town of Bamberg, hereinafter described, and leaving as his sole heir his son, A. Morton Hunt.

A. Morton Hunt administered on his father's estate, and he died at the city of Charleston on the 12th day of October, 1918, leaving as his sole heirs and distributees at law his widow, the plaintiff, Rheta Baring Hunt, and his daughter, Florence Goodrich Hunt, one of the defendants, a minor 18 years of age.

On the 12th of November, 1918, after the death of A. Morton Hunt, plaintiff, Rheta Baring Hunt was appointed administratrix d. b. n. of the estate of the said N .A. Hunt, deceased, by the Probate Court of Dorchester county, and on the 16th day of October, 1918, was by the Probate Court of Charleston County appointed guardian of the estate of the defendant, Florence Goodrich Hunt.

A. Morton Hunt left a will dated the 29th day of January, 1918, which was admitted to probate in common form in the Probate Court of Charleston County on the — day of July, 1919, and on the — day of February, 1920, said will was admitted to probate in solemn form in the same Probate Court, but at the time of the decision of his Honor, Judge Rice, an appeal was pending from some of its provisions. At the time of the commencement of this action the plaintiff had filed notice that she required said will to be proved in solemn form, but no proceedings had at that time been instituted to prove same in solemn form.

The above action was commenced by the plaintiff about the 10th day of October, 1919, by service of a summons and complaint, in which complaint plaintiff alleges, inter alia, in addition to the above facts in paragraph 6 of said complaint:

"That plaintiff has received an offer for the purchase of the property, hereinafter more fully described, from the defendant, John F. Folk, at and for the sum of $20,000,

payable $2,000 in cash and the balance of $18,000 in equal annual installments of $2,000 each, with interest on deferred balance at the rate of 7 per cent. per annum, payable semi-annually, the credit portion of the said purchase price to be represented by the bond of the purchaser, secured by a purchase-money first mortgage of the said premises, said mortgage to contain the usual clauses as to taxes, insurance, attorney's fees and receivership, purchaser to have possession, subject to tenant's rights, on September 1, 1919, paying interest on the purchase money from that date at 7 per cent. per anum until titles can be perfected, and in compliance with the terms of said offer the said defendant, John F. Folk, has paid to the attorneys for the plaintiff the cash portion of said purchase price, to wit, the sum of $2,000."

And further in paragaph 7 said complaint alleges:

"The price offered by the said defendant, John F. Folk, for the said property is, in the opinion of plaintiff, a fair one and advantageous to all parties interested."

And lastly the plaintiff prays in her complaint:

"That a sale of the said property to the defendant, John F. Folk be approved by this Court, and that the master be authorized and directed to make and execute a proper conveyance of the said property to the said purchaser upon his complying with the terms of his contract, and that the proceeds of the sale, after deducting all costs and expenses connected therewith and with this action, shall be held by the master at interest until the determination of the testacy of the said A. Morton Hunt."

The property is described as follows: "* * * (A hotel building.") J. A. Guerin filed his answer, denying that $20,000 was a fair and adequate price for said property, further alleging that under the will of A. Morton Hunt he was appointed and had qualified as executor of the said will, and was by said will appointed guardian of the said Florence G. Hunt, a minor, and was instructed by

said will not to deliver to Florence ·Goodrich Hunt the property devised to her under said will until she should reach 30 years of age, and the plaintiff had no right to make said contract of sale alleged in this complaint, or to bring this action, the property involved being a part of the property devised under said will to Florence G. Hunt.

The defendant, Florence G. Hunt, by her guardian ad litem, filed formal answer, alleging that she is a minor, a want of knowledge of the facts alleged in the complaint and submitting her right to the protection of the Court. The defendant, John F. Folk, answered, admitting the truth of the allegations of the complaint, and joining in the prayer of the plaintiff.

On the 26th day of January, 1920, an order was signed by the Court of Common Pleas at Bamberg County to take the testimony and report his conclusions of law and facts, with leave to report any special matter.

The Probate Judge for Bamberg County, acting as master, held a conference and took the testimony on the 10th of March, 1920, and thereafter found and reported to the Court that the sum of $20,000 was a fair price for the property, and advantageous to all parties interested, and ·recommended that a sale of said property to the defendant, John F. Folk, for said amount be aproved by the Court as prayed for by plaintiff in her complaint and on the terms mentioned in the complaint.

J. A. Guerin filed exceptions to this report, but they were overruled by the Circuit Court, and the report confirmed; whereupon J. A. Guerin appealed to this Court upon the following exceptions:

"(1) Because, appellant submits, the overwhelming preponderance of the evidence shows that at the time of the proposed sale of the property involved to John F. Folk for $20,000 the said property was bringing in a net annual income of $2,290 by way of rents, and was worth many more thousand dollars than $20,000, the price offered for

same by said John F. Folk, and that the said sum of $20,-000 is not an adequate price for said property, and therefore his Honor, Judge Rice, erred, appellant submits, in finding that said sum of $20,000 was an adequate price for said property, and that a sale of same for that price would be to the advantage of all parties interested, and in approving a sale of same for that price.

"(2) Because, inasmuch as in the will of A. Morton Hunt, a copy of which is alleged in the complaint and a copy is in the case, the testator devises the property involved to Florence G. Hunt, with instructions that it must not be delivered to her until she reaches 30 years of age. His Honor, Judge Rice, should have held, appellant submits, that under the facts of the case the Court should not approve or order a sale of said property, even though an appeal was pending from the decision of the Probate Judge as to the validity of certain provisions of the will, but should have allowed it to be kept intact until said Florence G. Hunt should reach 30 years of age."

The first exception cannot be sustained, for the reason that the appellant's attorneys have failed to satisfy this Court by the preponderance of evidence that the findings of fact by his Honor, the Circuit Judge, were erroneous.

The second exception must also be overruled, for the reason that the proceeds arising from the sale of the property are not to be delivered to Florence Goodrich Hunt until all the rights of the respective parties under the will have been finally adjusted.

Affirmed.

JUSTICES WATTS and COTHRAN, concur.

MR. JUSTICE FRASER, (dissenting:) It is admitted that no valid contract to sell has been made, no necessity shown, or that the infant's estate cannot make the necessary repairs. It is shown that there is an offer of $24,000, and $20,000 should not be accepted.